UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE RIVERA,

              Plaintiff,

v.                                                                              9:05-CV-1201
                                                                                (DNH/GHL)

C.O. BUSHEY; and MR. GLASCOCK,
Correctional Officer,

              Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

JOSE RIVERA, 94-A-1656
Plaintiff, *Pro Se*
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

HON. ELIOT L. SPITZER                                       CHARLES J. QUACKENBUSH, ESQ.
Attorney General of the State of New York                   Assistant Attorney General
  Counsel for Defendant Glascock
The Capitol
Albany, New York 12224


GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This action has been referred to the undersigned to hear and determine any pretrial matter by the Honorable David N. Hurd, United States District Judge, pursuant to Local Rule 72.3(c) and 28 U.S.C. § 636(b). Plaintiff commenced this *pro se* action pursuant to 42 U.S.C. § 1983. Generally, Plaintiff alleges that Defendants (two corrections officers at Clinton Correctional Facility) violated Plaintiff's rights under the First Amendment when they destroyed certain of

Plaintiff's personal property (including correspondence and legal materials) in retaliation for Plaintiff's having filed numerous grievances against them. (Dkt. No. 1.)

Recently pending before the Court was a request by Defendant Glascock (Dkt. No. 18) to stay the deadlines set forth in the matter's Pretrial Scheduling Order of March 20, 2006 (Dkt. No. 16).[1] Specifically, Defendant Glascock based his request on his argument that, although Plaintiff changed his address on or about December 14, 2005, he subsequently failed to notify the Court or defense counsel of that change of address. (Dkt. Nos. 14, 18.) Defendant Glascock's request was granted on September 12, 2006. (Dkt. No. 19.)

For the reasons stated below, I recommend that the Court *sua sponte* dismiss Plaintiff's Complaint, also for the reasons stated below.

## I.   BACKGROUND

Plaintiff filed this action on September 22, 2005. (Dkt. No. 1.) On October 6, 2005, the Court issued an Order granting Plaintiff's request to proceed *in forma pauperis*, and notifying Plaintiff of various obligations in the action. (Dkt. No. 3.) Specifically, the Court stated, "**Plaintiff is . . . required to promptly notify the Clerk's Office and all parties and their counsel of any change in Plaintiff's address; his failure to do so will result in dismissal of this action**." (Dkt. No. 3 at 3.) In addition, the Court stated, "Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action." (*Id*.)

At first, Plaintiff complied with the Court's directives. For example, on November 14, 2005, Plaintiff notified the Court of his change of address, from Sullivan Correctional Facility to

---

[1]   The reason the motion was made by Defendant Blascock only (and not Defendant Bushey as well) is because Defendant Bushey had not yet been served with process and thus was not (and is not) represented by defense counsel. (Dkt. Nos. 18, 8.)

Sing Sing Correctional Facility. (Dkt. No. 7.) However, Plaintiff's compliance with the Court's directives was short lived.

Specifically, on December 14, 2005, Plaintiff was released from Sing Sing Correctional Facility. (Dkt. Nos. 14, 15.)[2] However, Plaintiff subsequently failed to notify the Court or Defendants of his change of address, causing various correspondence to him to be returned. (Dkt. Nos. 14, 15, 17, 18.) In addition, on December 21, 2005, Plaintiff's summons for service of his Complaint on Defendant Bushey was returned unexecuted. (Dkt. No. 8.) However, Plaintiff subsequently failed to complete another form instructing the United States Marshal's Service to effect service on Defendant Bushey (a/k/a a "Form USM-285").

II.   ANALYSIS

Rule 16(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]f a party . . . fails to obey a scheduling or pretrial order . . . the judge, *upon . . . the judge's own initiative*, may make such orders with regard thereto as are just . . . ." Fed. R. Civ. P. 16(f) [emphasis added]. Here, Plaintiff has failed to obey the Court's Order of October 6, 2005, directing Plaintiff to (1) notify the Clerk's Office and defense counsel of his change of address (e.g., upon his release from Sing Sing Correctional Facility), and (2) provide the Clerk's Office with any documents necessary to maintain this action (e.g., the necessary Form USM-285 to effect service of his Complaint on Defendant Bushey).

In addition to violating the Court's Order of October 6, 2005, Plaintiff's failure to notify the Court of a change in address violates Local Rule 41.2(b) of the Local Rules of Practice for

---

[2]   *See also* NYS DOCS Inmate Lookup Service, www.docs.state.ny.us (last visited on Sept. 13, 2006) (indicating that Jose Rivera, DIN 94A1656, was released from Sing Sing Correctional Facility on December 14, 2005).

this Court.  *See* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action.")

For these reasons, I recommend that the Court *sua sponte* dismiss Plaintiff's Complaint. Alternatively, the Court's *sua sponte* dismissal of Plaintiff's Complaint may be premised on Plaintiff's failure to prosecute this action in any way since his last filing on November 14, 2005 (Dkt. No. 7).  *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."); Fed. R. Civ. P. 41(b) (providing that failure to prosecute an action may subject an action to dismissal);[3] *see*, *e.g.*, *Robinson v. Middaugh*, No. 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3 (N.D.N.Y. Sept. 11, 1997) (Pooler, D.J.) (dismissing action under Fed. R. Civ. P. 41[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change).

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** for the reasons stated above in this Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. §

---

[3]   *See Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966) (construing Fed. R. Civ. P. 41[b] as permitting *sua sponte* dismissal for failure to prosecute even though rule provides for such dismissal upon motion of defendant).

636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 20, 2006
      Syracuse, New York

 

_____
George H. Lowe
United States Magistrate Judge